**Billy R. DAVIS, Sr., Individually and for Billy R. Davis, Jr., Appellant,**

v.

**The TEXAS & PACIFIC RAILWAY COMPANY, Appellee.**

**No. 17792.**

Court of Civil Appeals of Texas, Fort Worth.

Jan. 21, 1977.

Byrd, Davis, Eisenberg & Clark, Don L. Davis, Austin, Herrick & Ward, Fort Worth, for appellant.

Brown, Herman, Scott, Dean & Miles, Richard E. Miles, J. Shelby Sharpe, and Stephen C. Howell, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

This is a personal injury action brought by Billy R. Davis, Sr., individually and for use and benefit of his minor son, Billy R. Davis, Jr., who sustained an amputation of his right leg on July 31, 1974, when he fell under a train of the T & P Railway (hereafter called T & P). T & P was defendant in the trial court.

Plaintiffs shall hereafter be referred to as Davis.

Under Rule 166–A, T.R.C.P., T & P filed motion for summary judgment alleging:

1. There was no breach of any legal duty by the defendant;

2. Billy Ray Davis, Jr., was a trespasser on the occasion in question; and

3. There was no evidence of negligence on the part of the defendant that could be a proximate cause of the incident made the basis of this suit.

Trial court granted T & P's motion for summary judgment and entered its judgment that Davis take nothing. Appeal was perfected to this Court.

We affirm.

The only question in this appeal is whether or not the T & P had a duty to use reasonable care to protect children coming to the tracks to obtain flares that crewmen habitually threw to them.

The summary judgment hearing was based on an affidavit of a T & P agent and depositions of Davis, Sr. and Jr., Mrs. Davis, Sr., a younger Davis son, the three train crewmen, and the T & P dispatcher.

The deposition of Davis, Jr. (age 15 years, of normal intelligence or above) contains the only evidence that flares were habitually thrown to children at the section of railway where the accident occurred, he having deposed to having had them thrown to him on four or five occasions by trainmen. The same deposition also reflects that Davis, Jr. was activated into going to the tracks to "catch flares" from the passing train and that, upon being disappointed at not having any thrown, he decided to catch a ride on the train. He ran up to the train, grabbed at a step, missed it and fell under the train where his leg was cut off.

Davis asserts that he was a licensee at the time of the accident. T & P asserts that he was a trespasser. Viewing the facts in the light most advantageous to Davis and using the same prerogative as the Supreme Court did in *Lower Neches Valley Authority v. Murphy*, 536 S.W.2d 561 (Tex.1976) we assume the plaintiff to have been a licensee without deciding such to have been his status. *State v. Tennison*, 509 S.W.2d 560 (Tex.1974) is the authority for duty owed to a licensee by a unit of government as follows: "It is well settled in this State that if the person injured was on the premises as a licensee, the duty that the proprietor or licensor owed him was not to injure him by willful, wanton or gross negligence." *Carlisle v. J. Weingarten, Inc.*, 137 Tex. 220, 152 S.W.2d 1073 (1941).

An exception to such the general rule is that when licensor has knowledge of a dangerous condition, and licensee does not, a duty is owed on the part of the licensor to either warn the licensee or to make the condition reasonably safe. *Gonzalez v. Broussard*, 274 S.W.2d 737 (Tex.Civ. App.-San Antonio 1954, writ ref'd n.r.e.).

However, "A licensee is not entitled to expect that the possessor will warn him of conditions that are perceptible to him, or the existence of which can be inferred from facts within his present or past knowledge." *Lower Neches Valley Authority v. Murphy*, supra. Davis, Jr. at the time of the accident was a 15 year old boy of "average or above intelligence" and it was not necessary that T & P warn him of so perceptible a condition as the danger of slipping on the step of a freight car moving at a "moderate speed."

Since T & P, as movant for summary judgment, had the burden of establishing as a matter of law that there were no genuine issues of fact as to one or more of the essential elements of the asserted cause of action, and since there was no allegation of willful, wanton or gross negligence, we hold that T & P discharged the burden. We overrule both points of error urged in this appeal.

We affirm the judgment of the trial court.