David Wayne WILLIAMS, Appellant,

v.

BILL'S CUSTOM FIT, INC., Appellee.

No. 10–91–029–CV.

Court of Appeals of Texas,
Waco.

Dec. 18, 1991.

Bob Richardson, the Bob Richardson Law Firm, Austin, for appellant.

Andy McSwain and Noley R. Bice, Jr., Fulbright, Winniford, Bice & Marable, Waco, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

CUMMINGS, Justice.

David Wayne Williams appeals an adverse summary judgment in a negligence suit rendered by the trial court in favor of the defendant, Bill's Custom Fit, Inc. We will affirm the judgment.

Williams was rendered a quadriplegic on April 20, 1982, when the car in which he was a passenger was involved in a collision with a Texas Department of Public Safety patrol unit. Williams, a fifteen-year-old resident of the Waco Center for Youth, had run away from the center on the morning of April 20. He left the center, operated by the Texas Department of Mental Health and Mental Retardation, with another resident, David Veal. Later that morning, Veal stole an automobile which belonged to Bill's. It is undisputed that the keys were left in the automobile, which had been parked on the street outside Bill's office by one of its employees. A fact issue exists regarding whether Williams was with Veal at the time he stole the vehicle, but it is undisputed that Williams was a passenger in the vehicle driven by Veal when they

became involved in a high-speed chase with a state trooper. The chase ultimately ended when the trooper's vehicle collided with the stolen vehicle, and the stolen vehicle collided with a tree. As a result of the accident, Williams sustained injuries that rendered him a quadriplegic. Although Williams sued the Department of Public Safety and several other agencies and individuals, they are not involved in this appeal. When the court rendered summary judgment in favor of Bill's, it severed Williams' cause of action against Bill's and the summary judgment became final.

Williams alleged that Mavis Reible, an employee of Bill's, negligently left the keys in the vehicle when she parked it on the street. He also alleged that the keys were the enticing factor which attracted the boys to steal the vehicle. The deposition testimony of Reible asserts that she inadvertently left the keys in the car because she parked hurriedly and "headed for cover" in response to a radio announcement of a tornado in the area. The evidence is undisputed that neither Veal nor Williams had permission or consent to take the Bill's vehicle.

Bill's filed a motion for summary judgment on the basis that Veal and Williams were trespassers. Bill's asserted that its only duty was not to intentionally, willfully, or through gross negligence, cause injury to the trespassers. Because there was no evidence that Bill's injured Williams intentionally, willfully, or through gross negligence, the trial court rendered a take-nothing summary judgment in favor of Bill's.

In a single point of error, Williams contends that the court erred in granting the summary judgment. Williams argues that the trespass status is not available to protect a vehicle owner who negligently leaves the keys in a vehicle parked on a public street. Alternatively, he argues that Bill's failed to plead trespass as an affirmative defense. Williams also contends that the keys in the car constituted an attractive nuisance to Veal, and that there is a genuine issue of material fact regarding whether Williams knew that the vehicle was stolen.

■ The duty owed by a property owner to another person depends upon the status of the injured party. A trespasser is one who enters the property of another without any right, lawful authority, or express or implied invitation, permission, or license, not in the performance of any duties to the owner, but merely for his own purposes, pleasure, or convenience. *Rowland v. City of Corpus Christi*, 620 S.W.2d 930, 933 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). The duty owed to a trespasser is not to injure the trespasser willfully or wantonly or through gross negligence. *Id.*

■ Bill's argues that the traditional status categories of trespasser, licensee, and invitee apply to personal property as well as to real property. We agree.

Because there is no genuine issue of material fact that Bill's consented to the use of the vehicle by either Veal or Williams, the trial court properly ruled, as a matter of law, that they were trespassers. Therefore, we must determine what duty Bill's owed to Veal and Williams, as trespassers to personal property. According to Prosser and Keeton, although most of the cases have involved trespassers on land, "the same rules are applied to trespassers on personal property." PROSSER & KEETON, THE LAW OF TORTS § 58 (5th ed. 1984). Several Texas cases have also applied the traditional status categories to injuries sustained by trespassers, licensees, and invitees on personal property. In *Thomas v. Southern Lumber Co.*, 181 S.W.2d 111 (Tex.Civ.App.—Waco 1944, no writ), we held that the legal duty which the owner or operator of a motor vehicle owes to a gratuitous guest is practically the same as that which the owner of real property used for private purposes owes to a mere licensee. *Id.* at 115. By analogy, the legal duty which the owner or operator of a motor vehicle owes to a trespasser is practically the same as that which the owner of real property used for private purposes owes to a trespasser. In *Davis v. Texas & Pacific Railway Co.*, 547 S.W.2d 48 (Tex.

Civ.App.—Fort Worth 1977, no writ), a fifteen-year-old boy was injured when he attempted to catch a ride on a passing train. The court held that the duty the owner of the railroad car owed him, even if he was a licensee rather than a trespasser, was not to injure him willfully or wantonly or through gross negligence. *Id.* at 49. Because Veal and Williams were trespassers in Bill's vehicle, Bill's only owed Williams a duty not to injure him willfully or wantonly or through gross negligence.

■ Williams relies upon a series of Texas cases in which the owner of an automobile was held liable on a negligence theory for injuries proximately caused by leaving the keys in a vehicle parked on a public street. *See, e.g., Garvey v. Vawter,* 795 S.W.2d 741 (Tex.1990). Although these cases involved stolen automobiles, invariably the suit was brought by an innocent bystander rather than by one of the thieves. In *Garvey,* the plaintiff sought to recover property damages sustained when the defendant's automobile, which had been stolen, struck the plaintiff's boat business. *Id.* at 742. He alleged that his damages were proximately caused by the negligence of the defendant in leaving her keys in the automobile. *Id.* The trespass defense would not have been available to the defendant because the owner of the business was not a trespasser as to the owner of the automobile. *See also Finnigan v. Blanco Co.,* 670 S.W.2d 313 (Tex.App.—Austin 1984, no writ) (inmate stole a deputy sheriff's vehicle, which was left in front of the Sheriff's office with the engine running, and a third party was killed during the ensuing chase); *Williamson v. Wayne Strand Pontiac–GMC, Inc.,* 658 S.W.2d 263 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.) (a vehicle, which was stolen from a repair shop where it was left with the keys in it, was struck by a third party who swerved to avoid the thieves as they abandoned the vehicle on the street). Because the plaintiff in this case was a trespasser as to Bill's, the cases cited by Williams in support of a general negligence standard are not applicable.

■ Alternatively, Williams argues that Bill's failed to plead trespass as an affirmative defense. However, trespass is not an affirmative defense, but instead establishes the duty of care owed by the defendant. As previously discussed, the duty owed by a property owner to another person depends upon the status of the injured party. Furthermore, according to Rule 166a(c) of the Texas Rules of Civil Procedure, "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." TEX.R.CIV.P. 166a(c). Because Williams' point of error generally complains, "[t]he trial court erred in granting [Bill's] Motion for Summary Judgment," all grounds expressly raised in the trial court may be argued. *See Cove Investments, Inc. v. Manges,* 602 S.W.2d 512, 517 (Tex.1980). However, Williams failed to complain of any pleading defect in either his response or his supplemental response to Bill's motion for summary judgment. Therefore, such a complaint may not be considered on appeal as a ground for reversal of the summary judgment.

■ The "attractive nuisance" theory asserted by Williams is also inapplicable to this case. In order to establish a higher duty of care under the attractive-nuisance doctrine, a plaintiff must present fact issues on the following:

(1) the possessor or occupant knew or should have known that small children would likely frequent the place where the dangerous condition was located;

(2) the possessor or occupant knew or should have known that the condition involved an unreasonable risk of death or serious bodily harm to such children;

(3) the child, because of youth, did not realize the risk involved; and

(4) the utility, if any, to the possessor or occupant of maintaining the condition was slight as compared to the probability of injury.

*See Banker v. McLaughlin,* 146 Tex. 434, 208 S.W.2d 843, 847 (1948).

When a plaintiff asserts the attractive-nuisance doctrine, the court must determine whether the child is of such tender years and immaturity that protection of the doctrine, as against the particular condition of danger, should be extended to him. *Massie v. Copeland,* 149 Tex. 319, 233 S.W.2d 449, 451–52 (1950). Williams asserted in his original petition that he was fifteen years old at the time of the accident. The court in *Massie* made it clear that a child fourteen or older could claim the benefit of the attractive-nuisance doctrine only in extraordinary circumstances. *Id.,* 233 S.W.2d at 453. Because Williams has failed to provide any reference to the summary-judgment record raising a fact issue concerning extraordinary circumstances, the attractive-nuisance doctrine does not provide a basis for reversal of the summary judgment. *See* TEX.R.APP.P. 74(d).

■ Finally, whether Williams knew that the vehicle was stolen is irrelevant to the trespass defense. Where trespass to property is committed by a voluntary act, known or not known to be an infringement of another's right, the trespasser is on the same footing as a wilful wrong-doer. *Shell Petroleum Corp. v. Liberty Gravel & Sand Co.,* 128 S.W.2d 471, 474 (Tex.Civ. App.—Beaumont 1939, no writ). As the court in *Shell* pointed out, a trespass to personal property is an injury to the right of possession and the fact that the right was infringed without wrongful intent, or by accident or mistake, is no excuse. *Id.* The fact that Williams may not have been with Veal when the car was stolen does not provide a basis for reversal of the summary judgment. Williams' single point of error is overruled.

We affirm the judgment.