Brooks v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-190-CR

Â Â Â Â Â RICKIE MARELL BROOKS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 176th District Court
Harris County, Texas
Trial Court # 630,941
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Appellant Rickie Marell Brooks was charged with the felony offense of possession of a
controlled substance and with having committed two prior felony offenses, to-wit: automobile
theft and burglary of a motor vehicle with intent to commit theft. Appellant pleaded not guilty to
the primary offense and, after trial, the jury found Appellant guilty as charged in the indictment. 
Appellant entered pleas of true to the allegation of the two enhancement paragraphs before the trial
court, without a jury; whereupon, after a punishment hearing, the trial court made findings of true
concerning the two enhancement paragraphs and assessed Appellant's punishment at seventy-five
years in the Institution Division of the Texas Department of Criminal Justice. Appellant appeals
to this court on two points of error.
Â Â Â Â Â Â In point of error one Appellant asserts the trial court improperly allowed in evidence at trial
the fact that weapons had previously been seen by a confidential informant at the location where
Appellant was arrested.
Â Â Â Â Â Â In point of error two Appellant argues that his first point should be sustained and the cause
should be remanded for a new trial. We overrule both points of error and affirm the trial court's
judgment.
Â Â Â Â Â Â On April 24, 1992, officers with the Houston Police Department went to a residence in
Houston, Texas, in order to execute a search warrant for crack cocaine. A few days prior to the
search, a confidential informant had purchased crack cocaine at this residence and, on that
occasion, the informant saw a "couple [of] guns" at the residence. Prior to the search in question,
evidence showed the police had received several telephone calls concerning illegal narcotics
trafficking and gunfire at this residence.
Â Â Â Â Â Â State's evidence showed that when the officers entered the residence Appellant ran from the
officers to a bedroom in the residence. Appellant handed something to Linda Carter, a woman
who was in the bedroom, and he then sat down in a chair. Officer Kurtz of the Houston Police
Department apprehended Appellant. Ms. Carter placed a plastic baggie, the object that Appellant
had handed to her, into a flower pot. Officer Kurtz called to Officer Walker and told him that Ms.
Carter had placed the plastic baggie into the flower pot.
Â Â Â Â Â Â A field test of the substance in the plastic baggie that Appellant had handed to Ms. Carter
revealed a positive test for cocaine. A subsequent analysis of this substance showed that it was
3.7 grams of 77.1 per cent pure cocaine.
Â Â Â Â Â Â Appellant's first point of error grew out of the following procedure at trial: Officer Walker
testified that a few days prior to the search, he sent a confidential informant to the residence who
purchased cocaine there. Walker further testified that, "[w]hen my confidential informant went
inside, he saw a couple guns inside the house at that time." At this point Appellant's counsel
objected to this evidence and requested that the jury be instructed to disregard same for the reason
that "[i]t's not relevant to the charge against Mr. Brooks." This objection was overruled by the
trial court.
Â Â Â Â Â Â On appeal Appellant now claims that the officer's testimony presented an inadmissible
extraneous offense.
Â Â Â Â Â Â An objection in the trial court that evidence is irrelevant is insufficient to preserve error as
to the alleged inadmissibility of an extraneous offense. Tex. R. App. P. 52(a); Burks v. State, 876
S.W.2d 877, 899 (Tex. Crim. App. 1994); Camacho v. State, 864 S.W.2d 524, 533 (Tex. Crim.
App. 1993).
Â Â Â Â Â Â In order to properly present error on appeal, a point of error must correspond to the objection
made at trial because an objection stating one legal theory may not be used to support a different
legal theory on appeal. Turner v. State, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991); Johnson
v. State, 803 S.W.2d 272, 292 (Tex. Crim. App. 1990). Error has not been properly preserved
for purposes of appeal.
Â Â Â Â Â Â Aside from the foregoing, the evidence of which Appellant complains on appeal does not
implicate the Appellant in any extraneous offense. Before the rules concerning admissibility of
extraneous offenses come into play, there must be some type of inadmissible evidence presented
of the accused's prior criminal conduct for the error to be present. Baxter v. State, 645 S.W.2d
812, 815 (Tex. Crim. App. 1983); Roach v. State, 586 S.W.2d 866, 868 (Tex. Crim. App. 1979).
Â Â Â Â Â Â Since the officer's testimony did not refer to Appellant in any way, no reversible error is
shown. Barnes v. State, 876 S.W.2d 316, 326-327 (Tex. Crim. App. 1994); Martin v. State, 823
S.W.2d 726, 728 (Tex. App.âWaco 1992, pet. ref'd).
Â Â Â Â Â Â Judgment of the trial court is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â JOHN A. JAMES, JR.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice (Retired)

Before Chief Justice Thomas,
Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Justice James (Retired)
Affirmed
Opinion delivered and filed April 12, 1995
Do not publish



nsi-language:EN-CA'> SEQ CHAPTER \h \r 1The surviving
relatives of Roy Cell Smith, Jr. (collectively, ÂAppelleesÂ) filed a wrongful
death and survival action against Builders Transport, Inc. and its employee
John Alfred Landry for damages sustained after a semi owned by Builders
Transport and driven by Landry overturned, ejecting Smith who died as a
result.Â  A jury found in AppelleesÂ favor
and awarded them $4.4 million in damages.Â 
Builders Transport[1] contends on appeal that there is no evidence
or factually insufficient evidence to support the verdict, that the court
improperly charged the jury on AppelleesÂ theories of recovery, and that the
juryÂs award of $1 million for SmithÂs pain and mental anguish is excessive.

Â Â Â Â Â  Because the charge failed to require the
jury to determine the factual predicates necessary to determine whether
Builders Transport was negligent under the theories alleged and because the
charge failed to require the jury to determine whether Landry had actual or
apparent authority to invite Smith to ride with him, we will reverse and
remand.

FACTUAL
BACKGROUND

Â Â Â Â Â  Â Â Â  Landry
applied for a job with Builders Transport in June 1995.Â  Builders Transport hired Landry after he
completed Builders TransportÂs three-week driver training program and obtained
a commercial driverÂs license.Â  Landry
then completed a four-week on-the-job training program, driving under the
supervision of other company drivers.

Â Â Â Â Â  Â Â Â  On
the occasion in question, Landry was delivering a load of tires to a plant in Houston.Â  When he arrived on a Saturday morning, he
learned that the plant was closed for the weekend.Â  He decided to visit his brother in Galveston.Â  While there he came in contact with Smith, a
friend of his.Â  Smith asked Landry to
take him to Builders TransportÂs headquarters in Dallas the following
Monday so he could apply for a job.Â 
Smith also asked him to take SmithÂs friend Anthony Henry.Â  Although Landry knew that company policy
prohibited drivers from transporting passengers, he agreed to take Smith and
Henry to Dallas after
delivering the tires to the plant in Houston.

Â Â Â Â Â  Â Â Â  Landry
consumed alcoholic beverages and narcotics over the course of the weekend.Â  Henry saw Landry drinking a 40-ounce can of
malt liquor shortly before they left Galveston.Â  As they were leaving Galveston, the trailer
came unhooked.Â  While Landry reconnected
the trailer, he asked Smith and Henry to buy him another drink.Â  They got him a 16-ounce malt liquor which
Landry drank as they drove to Houston.

Â Â Â Â Â  Â Â Â  The
semi overturned as Landry exited the interstate in Houston.Â  Smith was ejected from the cab when it
overturned.Â  The semi skidded on its side
along a concrete retaining wall and a guardrail for about 200 feet.

Â Â Â Â Â  Â Â Â  The
medical examiner opined that the trailer ran over Smith and mangled the lower
part of his body as it passed over.Â  The
medical examiner testified that Smith was conscious when he was ejected from
the cab and lost consciousness sometime thereafter.

Â Â Â Â Â  Â Â Â  Landry
pleaded guilty to intoxication manslaughter.

PROCEDURAL
BACKGROUND

Â Â Â Â Â  Â Â Â  SmithÂs
wife Loretta Yvette Grice-Smith filed a wrongful death and survival action
against Builders Transport and Landry in her individual capacity, as
representative of his estate, and as next friend for their three minor
children.Â  SmithÂs parents and the mother
of his fourth child were also plaintiffs.Â 
Appellees alleged that Builders Transport was vicariously liable for
LandryÂs negligence under the theory of respondeat superior.Â  Appellees alleged that Builders Transport was
directly liable for its own negligence under theories of negligent hiring,
negligent training, negligent supervision, and negligent entrustment.

Â Â Â Â Â  Â Â Â  The
court directed a verdict in AppelleesÂ favor on the question of LandryÂs
negligence.Â  The court submitted
questions to the jury regarding: whether Landry was acting in the scope of his
employment on the occasion in question; whether the negligence of Builders
Transport, if any, was a proximate cause of the occurrence; whether SmithÂs
negligence, if any, was a proximate cause; the apportionment of responsibility
among those found negligent; and compensatory damages.

Â Â Â Â Â  Â Â Â  The
jury found that Landry was acting in the scope of his employment and that the
negligence of Builders Transport and of Smith were proximate causes of the
occurrence.Â  The jury apportioned
responsibility among Landry, Builders Transport, and Smith as follows: Landry
55%; Builders Transport 30%; and Smith 15%.Â 
The jury awarded $1 million for SmithÂs pain and mental anguish and for
funeral and burial expenses.Â  The jury
awarded $600,000 to SmithÂs wife and each of his four children for past and
future damages.Â  The jury awarded
$200,000 to each of SmithÂs parents for past and future damages.

NEGLIGENCE

Â Â Â Â Â  Â Â Â  Builders
Transport contends in its third through sixth issues respectively that there is
no evidence or factually insufficient evidence to support the juryÂs finding of
negligence under AppelleesÂ theories of negligent hiring, negligent training,
negligent supervision, and negligent entrustment.[2]Â  Because the trial court submitted a
broad-form negligence question, the verdict must be upheld against a
sufficiency challenge if the record contains sufficient evidence to support a
finding on any one of these theories.Â  See
Prudential Ins. Co. v. Jefferson Assocs., Ltd., 896 S.W.2d 156, 160 (Tex. 1995); In re
C.N.S., 105 S.W.3d 104, 105 (Tex. App.ÂWaco 2003,
no pet.).

Â Â Â Â Â  Â Â Â  Builders
Transport argues in its fourth issue that there is no evidence or factually
insufficient evidence to support the juryÂs finding that it was negligent in
training Landry.Â  Because we conclude
that the record contains some evidence and factually sufficient evidence to
support the juryÂs finding under this negligence theory, we do not address
Builders TransportÂs third, fifth, and sixth issues.Â  Id.

Standard of Review

Â Â Â Â Â  Â Â Â  When
we decide a Âno evidenceÂ point, Âwe consider all the evidence in the light
most favorable to the prevailing party, indulging every reasonable inference in
that partyÂs favor.ÂÂ  Associated
Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998); Honda
of Am. Mfg., Inc. v. Norman, 104 S.W.3d 600, 604 (Tex. App.ÂHouston [1st
Dist.] 2003, pet. denied); Burleson St. Bank v. Plunkett, 27 S.W.3d 605,
612 (Tex. App.ÂWaco 2000, pet. denied).Â 
We will sustain a no evidence point if: (a) there is a complete absence
of evidence of a vital fact; (b) we are barred by rules of law or evidence from
giving weight to the only evidence offered to prove a vital fact; (c) the
evidence offered to prove a vital fact is no more than a mere scintilla; or (d)
the evidence conclusively establishes the opposite of the vital fact.Â  Marathon Corp. v. Pitzner, 106 S.W.3d
724, 727 (Tex. 2003).Â  ÂMore than a scintilla of evidence exists if
the evidence furnishes some reasonable basis for differing conclusions by
reasonable minds about a vital factÂs existence.Â Â Minyard Food Stores, Inc. v. Goodman,
80 S.W.3d 573, 577 (Tex. 2002).

Â Â Â Â Â  Â Â Â  A
factual sufficiency issue requires us to determine whether the challenged
Âfinding is so against the great weight and preponderance of the evidence that
it is manifestly unjust, shocks the conscience, or clearly demonstrates
bias.ÂÂ  In re C.H., 89 S.W.3d 17,
25 (Tex. 2002).




Application

Â Â Â Â Â  Â Â Â  LandryÂs
trainer James Alexander had only a weekend course to prepare for being a
trainer.Â  Alexander had never ÂfailedÂ a
trainee, although an unspecified number of his trainees were subsequently
terminated for ÂcarelessnessÂ after they had accidents.Â  Landry testified that Alexander released him
from training when Landry told Alexander he was ready, from which a rational
juror might infer that Alexander allowed Landry to decide when he had received
adequate training.

Â Â Â Â Â  Â Â Â  According
to Builders Transport policy, only the terminal manager can formally release an
employee to drive solo.Â  The terminal
manager did not release Landry to drive solo until ten days after the fatal
accident.Â  Despite Builders TransportÂs
protestations to the contrary, a rational juror could interpret this to mean
the terminal manager did not believe Landry had received adequate training to
drive solo until ten days after the occurrence in question.Â  LandryÂs brother testified that Landry told
him he failed the backing portion of his driving test three times, from which a
rational juror might infer that Landry never received adequate training for
this driving skill.

Â Â Â Â Â  Â Â Â  This
constitutes more than a scintilla of evidence that Landry received inadequate
training which was a proximate cause of the occurrence in question.Â  See Minyard Food Stores, 80 S.W.3d at
577.

Â Â Â Â Â  Â Â Â  Other
evidence in the record tends to contradict the juryÂs finding.Â  Alexander testified that his qualifications
to train drivers included not only the weekend course but also his years of
experience as a driver for Builders Transport and for his previous
employer.Â  Alexander explained that on
several occasions he had required trainees to continue their training beyond
the usual thirty days because they were not ready to be released.Â  Landry explained that a trainer typically
released a trainee only when the trainee felt comfortable and the
trainer believed the trainee was ready, thus discounting any inference from
LandryÂs testimony that Alexander released him from training only because
Landry told Alexander he was ready.Â 
LandryÂs evaluation forms indicated that he was ÂsatisfactoryÂ in the
area of backing, which discounts his brotherÂs testimony that he had failed
this part of the driving test three times.

Â Â Â Â Â  Â Â Â  Although
the record contains some evidence which contradicts the juryÂs verdict on
AppelleesÂ negligent training theory, we cannot agree that the juryÂs verdict
Âis so against the great weight and preponderance of the evidence that it is
manifestly unjust, shocks the conscience, or clearly demonstrates bias.ÂÂ  See C.H., 89 S.W.3d at 25.Â  Accordingly, we overrule Builders TransportÂs
fourth issue.

NEGLIGENCE
CHARGE

Â Â Â Â Â  Â Â Â  Builders
Transport presents two issues concerning the courtÂs instructions and questions
on AppelleesÂ negligence theories.Â 
Builders Transport contends in its second issue that the court erred by
failing to include an instruction in the charge that Builders Transport could
be found liable under AppelleesÂ negligence theories only if the jury found
that Builders Transport knew or should have known that Landry was an incompetent
driver.Â  However, because AppelleesÂ
negligence theories do not all require a finding on this factual predicate, we
will sustain Builders TransportÂs second issue only in part.

Â Â Â Â Â  Â Â Â  Builders
Transport contends in its eighth issue that the court should have charged the
jury on gross negligence rather than ordinary negligence because Smith was a
trespasser.Â  However, because Appellees
are not alleging a premises defect or negligent activity claim, we will
overrule this issue.

Knew-or-Should-Have-Known Instruction

Â Â Â Â Â  Â Â Â  Builders
Transport contends in its second issue that the court erred by failing to
instruct the jury that it could be found liable under AppelleesÂ negligence
theories only if the jury found that Builders Transport knew or should have
known that Landry was an incompetent driver.

Â Â Â Â Â  Â Â Â  Appellees
contend that Builders Transport failed to preserve its second issue for
appellate review because its trial objections do not comport with its appellate
complaint and because the proposed instruction it submitted to the trial court
is not Âsubstantially correct.ÂÂ 
Appellees further contend that the negligence question and accompanying
instructions and definitions were correct as submitted.

Â Â Â Â Â  Â Â Â  Appellees
are correct that Builders TransportÂs trial objection[3] does not
comport with the appellate complaint.Â 
Thus, the objection did not preserve this issue for our review.Â  See Rogers v. Stell, 835 S.W.2d 100,
101 (Tex. 1992) (per
curiam); Hoxie Implement Co. v. Baker, 65 S.W.3d 140, 151 (Tex.
App.ÂAmarillo 2001, pet. denied).

Â Â Â Â Â  Â Â Â  Builders
Transport submitted a written request that the trial court include the
following instruction in the charge in connection with the negligence question:

As to Builders
Transport, Inc., ÂnegligenceÂ means hiring or retaining in its employ an
incompetent employee whom it knew, or by the exercise of reasonable care,
should have known was incompetent, and thereby creating an unreasonable risk of
harm to others.

Â 

Â Â Â Â Â  Â Â Â  Several
appellate courts have held that the type of negligence theories alleged by
Appellees require a finding that the employer knew or should have known that
the employee in question was incompetent. Â E.g. Rosell v. Central W. Motor
Stages, Inc., 89 S.W.3d 643, 653-56 & n.6 (Tex. App.ÂDallas 2002, pet.
denied); Morris v. JTM Materials, Inc., 78 S.W.3d 28, 49 (Tex. App.ÂFort
Worth 2002, no pet.); Robertson v. Church of God, Intl., 978 S.W.2d 120,
124 (Tex. App.ÂTyler 1997, pet. denied); Est. of Arrington v. Fields,
578 S.W.2d 173, 178 (Tex. Civ. App.ÂTyler 1979, writ refÂd n.r.e.).Â  Because these authorities support the
submission of Builders TransportÂs proposed instruction, we conclude that this
issue has been adequately preserved.Â  See
Tex. Dept. of Human
Servs. v. Hinds, 904 S.W.2d 629, 637-38 (Tex. 1995).Â  However, the proposed instruction is not a
substantially correct statement of law as to all of AppelleesÂ negligence
theories.

Â Â Â Â Â  Â Â Â  As
stated, Appellees allege that Builders Transport is liable under theories of
negligent hiring, negligent training, negligent supervision, and negligent
entrustment.Â  Negligent entrustment is
generally treated as a separate cause of action.Â  The parties do not dispute that a negligent
entrustment claim requires a finding that the defendant knew or should have
known that the person to whom it was entrusting a vehicle was a reckless or
incompetent driver.Â  See Williams v.
Steves Indus., Inc., 699 S.W.2d 570, 571 (Tex. 1985); Rosell,
89 S.W.3d at 655.Â  Builders Transport
contends that its proposed instruction applies not only to the negligent
entrustment theory but also to AppelleesÂ other negligence theories.

Â Â Â Â Â  Â Â Â  The
Supreme Court and other intermediate courts have consistently held that an
employer can be held liable under most of the other negligence theories pleaded
by Appellees only on a finding that the employer knew or should have known that
its employee was incompetent.Â  See
Williams, 699 S.W.2d at 571; Rosell, 89 S.W.3d at 653-56 & n.6; Morris,
78 S.W.3d at 49; Robertson, 978 S.W.2d at 124; Est. of Arrington,
578 S.W.2d at 178.Â  Thus, it would appear
that Builders TransportÂs contention is correct.

Â Â Â Â Â  Â Â Â  However,
Appellees allege two theories of negligent training: (1) that Builders
Transport failed to provide proper training to its drivers (including Landry);
and (2) that Builders Transport released Landry from training before he was
ready.Â  The Âknew-or-should-have-knownÂ
requirement applies to the latter but not the former.Â  The former allegation concerns Builders
TransportÂs driver training program generally.Â 
The latter concerns whether Builders Transport knew or should have known
that Landry was ready to be released from training.Â  Cf. id.

Â Â Â Â Â  Â Â Â  The
former allegation is in effect a negligent undertaking claim, even though
Appellees do not use that particular terminology to describe it.Â  Section 324A of the Restatement (Second) of
Torts describes when liability to a third party may arise from a negligent
undertaking.

One who
undertakes, gratuitously or for consideration, to render services to another
which he should recognize as necessary for the protection of a third person or
his things, is subject to liability to the third person for physical harm
resulting from his failure to exercise reasonable care to protect his
undertaking, if

Â 

Â Â Â  (a) his failure to exercise reasonable care
increases the risk of such harm, or

Â 

Â Â Â  (b) he has undertaken to perform a duty owed
by the other to the third person, or

Â 

(c) the harm is
suffered because of reliance of the other or the third person upon the
undertaking.

Â 

Restatement
(Second) of Torts Â§ 324A (1965).Â  Texas courts have adopted
section 324A of the Restatement.Â  See
Coastal Corp. v. Torres, 133 S.W.3d 776, 780 & n.5 (Tex. App.ÂCorpus
Christi 2004, pet. filed); Seay v. Travelers Indem. Co., 730 S.W.2d
774, 776-77 (Tex. App.ÂDallas 1987, no writ); accord Torrington Co. v. Stutzman,
46 S.W.3d 829, 837-38 (Tex. 2000).

Â Â Â Â Â  Â Â Â  Here,
Builders Transport can be held liable under the first of AppelleesÂ negligent
training allegations only if: (1) Builders Transport knew or should have known
that its driver training program was necessary to protect others; (2) Builders
Transport failed to exercise reasonable care in training its drivers; and (3)
Builders TransportÂs failure to do so increased the risk of harm to Smith. Â See Coastal Corp., 133 S.W.3d at 780 &
n.5; Restatement (Second) of Torts Â§ 324A; accord Torrington Co.,
46 S.W.3d at 838-39.

Â Â Â Â Â  Â Â Â  Because
of the trial courtÂs failure to include additional instructions regarding these
predicate facts with the negligence question, Builders Transport contends that
the juryÂs negligence finding is immaterial and requests rendition of judgment
in its favor.Â  See Torrington Co.,
46 S.W.3d at 840.Â  However, because it
has been necessary for this Court to clarify the manner in which AppelleesÂ
negligence claim should be submitted, we will remand in the interest of
justice.Â  Id. at 840-41.Â  Accordingly, we sustain Builders TransportÂs
second issue in part.

Duty Owed To A Trespasser

Â Â Â Â Â  Â Â Â  Builders
Transport contends in its eighth issue that the courtÂs negligence charge is
defective because if failed to instruct the jury that Smith was a trespasser
and thus Builders Transport can be liable for his injuries only on a finding of
gross negligence.

Â Â Â Â Â  Â Â Â  Under
established tort law, a property owner owes a limited duty of care to
trespassers.Â  City of Bellmead v. Torres, 89 S.W.3d 611, 612 n.13 (Tex. 2002) (citing Restatement
(Second) of Torts Â§ 333 (1965)) (other citations omitted).[4]Â  However, this limited duty of care applies
only in cases involving alleged premises defects or negligent activities.Â  See
e.g. Torres, 89 S.W.3d at 612 (premises defect); Burton Constr. & Shipbuilding Co. v. Broussard, 154 Tex. 50, 273 S.W.2d 598,
599, 603 (1954) (negligent activity).

Â Â Â Â Â Â Â Â Â  Appellees plainly do not allege that
Builders TransportÂs premises (i.e.,
the semi) were defective.Â  Thus, we
examine whether they allege a negligent activity theory sufficient to hold a
premises owner liable.Â  ÂRecovery on a
negligent activity theory requires that the person have been injured by or as a
contemporaneous result of the activity itself rather than by a condition
created by the activity.ÂÂ  Timberwalks Apts., Partners, Inc. v. Cain,
972 S.W.2d 749, 753 (Tex. 1998) (quoting Keetch v. Kroger Co., 845 S.W.2d 262,
264 (Tex. 1992)); accord Am. Indus. Life Ins. Co. v. Ruvalcaba,
64 S.W.3d 126, 133-34 (Tex. App.ÂHouston [14th Dist.] 2001, pet. denied).Â  AppelleesÂ negligence theories do not fit
within this definition.

Â Â Â Â Â Â Â Â Â  Appellees do not allege that Smith was
injured Âas a contemporaneous resultÂ of Builders TransportÂs allegedly
negligent hiring, training, or supervision of Landry nor of its allegedly
negligent entrustment of the semi to Landry.Â 
Therefore, the limited duty owed a trespasser by a property owner in a
premises defect or negligent activity case is not the duty applicable to
AppelleesÂ negligence theories.

Â Â Â Â Â Â Â Â Â  Rather, a defendant may be liable
under the negligence theories alleged by Appellees to any foreseeable
plaintiff.Â  Cf. Williams, 699 S.W.2d at 571 (negligent entrustment requires
finding of proximate cause); Rosell,
89 S.W.3d at 655 (same).[5]

Â Â Â Â Â  Â Â Â  [I]t
is not required that the particular accident complained of should have been
foreseen.Â  All that is required is [1] Âthat
the injury be of such a general character as might reasonably have been
anticipated;Â  and [2] that the injured party should be so situated
with relation to the wrongful act that injury to him or to one similarly
situated might reasonably have been foreseen.Â

Â 

Mellon Mortg. Co. v. Holder, 5 S.W.3d 654,
655 (Tex. 1999) (emphasis
added) (quoting Nixon v. Mr. Prop. Mgt.
Co., 690 S.W.2d 546, 551 (Tex. 1985)).

Â Â Â Â Â Â Â Â Â  Thus, we conclude that the trial court
properly overruled Builders TransportÂs objection to the omission from the
charge of a gross negligence instruction.Â 
Accordingly, we overrule Builders TransportÂs eighth issue.

VICARIOUS LIABILITY

Â Â Â Â Â  Â Â Â  Builders
Transport argues in its first issue that there is no evidence to support the
juryÂs finding that Landry was acting in the course and scope of his employment
because Builders TransportÂs policies prohibited drivers from transporting unauthorized
passengers.Â  Builders Transport claims in
the alternative that the court erred by failing to instruct the jury on the
Âunauthorized passenger rule.ÂÂ  We
conclude that the record contains some evidence to support the juryÂs finding
but that the court did not properly instruct the jury because it failed to
submit a question inquiring whether Landry had actual or apparent authority to
invite Smith to ride.




Applicable Law

Â Â Â Â Â  Â Â Â  Resolution
of this issue lies at the intersection of three settled principles: (1) an
employer is liable for the torts of its employee committed while acting within
the scope of employment; (2) a property owner owes a limited duty of care to a
trespasser; and (3) an agentÂs representations to a third party are binding on
the agentÂs principal when made with actual or apparent authority.

Â Â Â Â Â  Â Â Â  The
Supreme Court determined more than a century ago that an employer is liable for
the torts of its employee committed while acting within the scope of
employment, Âalthough [the employer] may have expressly forbidden the
particular act.ÂÂ  Intl. & Great N.
R.R. v. Anderson, 82 Tex. 516, 520, 17
S.W. 1039, 1040 (1891).Â  The principle
that an employer can be liable for the acts of an employee done in violation of
the employerÂs policies still obtains.Â  E.g.,
G. T. Mgt., Inc. v. Gonzalez, 106 S.W.3d 880, 884 (Tex. App.ÂDallas
2003, no pet.); Fontenot Petro-Chem & Marine Servs., Inc. v. LaBono,
993 S.W.2d 455, 460 (Tex. App.ÂCorpus Christi 1999, pet. denied).

Â Â Â Â Â  Â Â Â  The
actions of an agent or employee are binding on a principal or employer when
those actions are performed with actual or apparent authority.Â  See Celtic Life Ins. Co. v. Coats, 885
S.W.2d 96, 98 (Tex. 1994); Ebner
v. First St. Bank of Smithville, 27 S.W.3d 287, 300 (Tex. App.ÂAustin 2000,
pet. denied).Â  Actual authority is
authority which the principal intentionally confers on the agent or permits the
agent to believe has been conferred.Â  Ebner,
27 S.W.3d at 300; Disney Enters., Inc. v. Esprit Fin., Inc., 981 S.W.2d
25, 30 (Tex. App.ÂSan Antonio 1998, pet. dismÂd w.o.j.).Â  Actual authority has also been defined as
authority which Âis created by written or spoken words or conduct by the
principal to the agent.ÂÂ  McWhorter v.
Sheller, 993 S.W.2d 781, 786 (Tex. App.ÂHouston [14th Dist.] 1999, pet. denied).

Â Â Â Â Â  Â Â Â  Apparent
authority arises:

either from a
principal knowingly permitting an agent to hold herself out as having authority
or by a principalÂs actions which lack such ordinary care as to clothe an agent
with the indicia of authority, thus leading a reasonably prudent person to
believe that the agent has the authority she purports to exercise . . . .

Â 

A prerequisite
to a proper finding of apparent authority is evidence of conduct by the
principal relied upon by the party asserting the estoppel defense which would
lead a reasonably prudent person to believe an agent had authority to so act.

Â 

Baptist Meml.
Hosp. Sys. v. Sampson, 969 S.W.2d 945, 949 (Tex. 1998); accord
Ebner, 27 S.W.3d at 300-01; McDuff v. Chambers, 895 S.W.2d 492, 498
(Tex. App.ÂWaco 1995, writ denied).

Â Â Â Â Â  Â Â Â  Finally,
a property owner owes a limited duty of care to a trespasser.Â  The only duty an owner owes a trespasser is
Âto refrain from causing injury willfully, wantonly, or through gross
negligence.ÂÂ  Torres, 89 S.W.3d at
613.Â  This same duty applies to owners of
both real and personal property.Â  Williams
v. BillÂs Custom Fit, Inc., 821 S.W.2d 432, 433 (Tex. App.ÂWaco 1991, no
writ).

Â Â Â Â Â  Â Â Â  Section
242 of the Restatement (Second) of Agency encapsulates these three settled
principles as they apply here:

A master is not
subject to liability for the conduct of a servant towards a person harmed as
the result of accepting or soliciting from the servant an invitation, not
binding upon the master, to enter or remain upon the masterÂs premises or
vehicle, although the conduct which immediately causes the harm is within the
scope of the servantÂs employment.

Â 

Restatement
(Second) of Agency Â§ 242 (1958).

Â Â Â Â Â  Â Â Â  This
Court applied this principle in a similar case predating the Restatement.Â  See Thomas v. S. Lumber Co., 181
S.W.2d 111, 114-15 (Tex. Civ. App.ÂWaco 1944, no writ); see also Kirklin v.
Stand. Coffee Co., 114 S.W.2d 263, 264-65 (Tex. Civ. App.ÂDallas 1938, no
writ); Magnolia Petroleum Co. v. Winkler, 40 S.W.2d 831, 832-34 (Tex.
Civ. App.ÂEastland 1931, no writ).Â  If,
as Builders Transport alleges, Landry did not have actual or apparent authority
to invite Smith to ride, then the only duty Builders Transport owed Smith was
Âto refrain from causing [him] injury willfully, wantonly, or through gross
negligence.ÂÂ  See Williams, 821
S.W.2d at 434; Thomas, 181 S.W.2d at 114-15.

Â Â Â Â Â  Â Â Â  Appellees
contend that this approach has been expressly rejected by the Fourteenth Court
of Appeals in J.V. Harrison Truck Lines, Inc. v. Larson.Â  663 S.W.2d 37 (Tex. App.Â Houston [14th
Dist.] 1983, writ refÂd n.r.e.).Â  In that
case, a truck driver invited a friend to ride with him from Houston to Dallas to deliver
three large coils of pressed steel, each weighing between 17,000 and 19,000
pounds.Â  As the driver attempted to
unload the coils, one of them rolled off the trailer and fell upon the friend,
killing her.Â  Id. at 39-40.Â  

Â Â Â Â Â  Â Â Â  The
truck company argued on appeal that the trial court should have submitted an
issue to the jury on the issue of whether the driver was authorized to accept
riders.Â  The Fourteenth
 Court concluded that the Âunauthorized passenger
ruleÂ did not apply in that case because the friend did not receive the fatal
injuries while riding in the truck but rather during the unloading of the
truck.Â  Id. at 40-41.

Â Â Â Â Â  Â Â Â  Here
conversely, Smith suffered his fatal injuries while riding in the truck.Â  Accordingly, the reasoning of J.V.
Harrison Truck Lines does not apply.




The ÂNo EvidenceÂ Claim

Â Â Â Â Â  Â Â Â  Here,
the parties do not dispute that Landry was acting in the course and scope of
his employment insofar as he was delivering a load of tires to a plant in Houston.Â  Nor do the parties dispute that Builders
Transport had a policy prohibiting drivers from transporting passengers.Â  Therefore, the vicarious liability of
Builders Transport for LandryÂs negligence turns on whether Landry had actual
or apparent authority to invite Smith to ride with him.

Â Â Â Â Â  Â Â Â  However,
Builders TransportÂs first issue challenges only the juryÂs finding that Landry
was acting in the course and scope of his employment on the occasion in
question.Â  The fact that Landry was
performing his duties in a manner contrary to his employerÂs instructions does
not mean that he was acting outside the course and scope of his employment.Â  See Intl. & Great N. R.R., 82 Tex. at 520, 17 S.W.
at 1040; G. T. Mgt., 106 S.W.3d at 884; Fontenot Petro-Chem &
Marine Servs., 993 S.W.2d at 460.Â 
Thus, we conclude that the record contains more than a scintilla of
evidence to support the challenged finding.Â 
See Minyard Food Stores, 80 S.W.3d at 577.Â  We likewise conclude that the challenged
finding is not Âso against the great weight and preponderance of the evidence
that it is manifestly unjust, shocks the conscience, or clearly demonstrates
bias.ÂÂ  See C.H., 89 S.W.3d at 25.

The Charge

Â Â Â Â Â  Â Â Â  Builders
Transport contends in the alternative that the trial court erred by denying its
requested jury instruction on the Âunauthorized passenger rule.ÂÂ  Appellees respond that Builders Transport
failed to properly preserve this issue for our review because it did not object
to the omission of this instruction from the charge.

Â Â Â Â Â  Â Â Â  The
instruction requested by Builders Transport would have instructed the jury that
an employee is not acting within the scope of his employment if he permits
another to ride in the employerÂs vehicle even though the employer prohibits
this and has not otherwise authorized the employee to permit another to ride in
the vehicle.

Â Â Â Â Â  Â Â Â  An
objection preserves for appellate review any error contained in the courtÂs
charge as submitted.Â  Tex. R. Civ. P. 272; Religious of
the Sacred Heart v. City of Houston, 836 S.W.2d 606, 613-14 (Tex. 1992); In re
A.A.B., 110 S.W.3d 553, 557 (Tex. App.ÂWaco 2003, no pet.); Johnson v.
Johnson, 869 S.W.2d 490, 492 (Tex. App.ÂEastland 1993, writ denied).Â  A question is defective as submitted if it
seeks a finding on a recognized cause of action but does so without limiting
instructions or other questions which properly restrict the question to the
facts and law applicable to the case.Â  See
S.E. Pipe Line Co. v. Tichacek, 997 S.W.2d 166, 172 (Tex. 1999); Spencer
v. Eagle Star Ins. Co. of Am., 876 S.W.2d 154, 157 (Tex. 1994).Â  

Â Â Â Â Â  Â Â Â  Builders
Transport objected to the question regarding its own negligence (Question No.
2) because the question failed to account for Builders TransportÂs contention
that Smith was a mere trespasser and thus its only duty to Smith was to not
cause him injury intentionally or with gross negligence.Â  In response, the court referred Builders
Transport back to the scope-of-employment question (Question No. 1), which, in
the courtÂs mind, resolved the issue of whether Smith was a trespasser.Â  In reply, Builders Transport stated its
disagreement with the courtÂs understanding of this issue.

Â Â Â Â Â  Â Â Â  Question
No. 1 as submitted was defective because it failed to include appropriate
instructions regarding LandryÂs authority.Â 
Therefore, the objections raised by Builders Transport with regard to
Questions No. 1 and 2 preserved error.Â  See
S.E. Pipe Line Co., 997 S.W.2d at 172-73; Spencer, 876 S.W.2d at
157.Â  Because the charge erroneously
failed to inquire whether Landry had actual or apparent authority to invite
Smith to ride, we must determine whether this error harmed Builders Transport.

Â Â Â Â Â Â Â Â Â  The jury apportioned fifty-five
percent (55%) of the responsibility for SmithÂs death to LandryÂs negligence,
thirty percent (30%) to the negligence of Builders Transport, and fifteen
percent (15%) to SmithÂs own negligence.Â 
Based on the findings that Landry was acting in the scope of his
employment and that Builders Transport was itself negligent, the judgment
requires Builders Transport to pay eighty-five percent (85%) of the damages
awarded by the jury.Â  In view of the
scant evidence that Landry had actual or apparent authority to invite Smith to
ride, the erroneous charge Âprobably caused the rendition of an improper
judgmentÂ insofar as the judgment required Builders Transport to pay the
fifty-five percent (55%) of the recovery attributable to LandryÂs
negligence.Â  See Tex. R. App. P. 44.1(a)(1); Harris County v. Smith, 96 S.W.3d 230,
234-35 (Tex. 2002).

Â Â Â Â Â  Â Â Â  As
with the errors in the courtÂs charge with regard to AppelleesÂ negligence
theories, the error here made the juryÂs finding on scope of employment
immaterial.Â  Thus, we could render
judgment in Builders TransportÂs favor.Â  See
Torrington Co., 46 S.W.3d at 840.Â 
However, because it has been necessary for this Court to clarify the
manner in which AppelleesÂ vicarious liability claim should be submitted, we
will remand in the interest of justice.Â  Id. at 840-41.

Â Â Â Â Â  Â Â Â  Accordingly,
we sustain Builders TransportÂs first issue.




REMAND OF CLAIMS AGAINST LANDRY

Â Â Â Â Â Â Â Â Â  Builders TransportÂs liability for
some of the claims against it depends on LandryÂs liability.Â Â Â Â Â  Thus, Builders Transport contends that the
claims against Landry should also be remanded, even though Landry did not
appeal.Â  See e.g. Turner, Collie & Braden, Inc. v. Brookhollow, Inc.,
642 S.W.2d 160, 166 (Tex. 1982); Schindler v. Schindler, 119 S.W.3d 923,
933 (Tex. App.ÂDallas 2003, pet. denied).Â 
We disagree.

Â Â Â Â Â Â Â Â  On remand, Landry may be designated as
a responsible third party under section 33.004 of the Civil Practice and
Remedies Code.Â  The jury may then
apportion responsibility among Landry, Smith, and Builders Transport as it did
in the first trial.Â  See Tex. Civ. Prac. & Rem.
Code Ann. Â§ 33.003 (Vernon Supp. 2004Â2005); cf. Plas-Tex., Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 446-47 (Tex. 1989) (remand
of claims against nonappealing party not warranted).Â  The issues of whether Landry was acting
within the course and scope of employment and whether he had actual or apparent
authority to invite Smith to ride may be litigated regardless of whether the
issue of LandryÂs personal liability is before the jury on remand. 

CONCLUSION

Because of our disposition
of Builders TransportÂs first, second, fourth, and eighth issues, we need not
address the remainder of the issues presented.Â 
Because Landry did not perfect an appeal, we do not disturb the judgment
against him.Â  See Pat Baker Co. v. Wilson, 971 S.W.2d 447, 450-51 (Tex. 1998) (per curiam); Jackson v. FontaineÂs Clinics, Inc., 499 S.W.2d 87, 92 (Tex. 1973). Â We reverse the judgment in all other respects
and remand this cause to the trial court for further proceedings consistent
with this opinion.

Â 

Â 

FELIPE REYNA

Justice

Before Chief Justice Gray,

Justice Vance,
and

Justice Reyna

(Chief Justice
Gray dissenting)

Reversed and remanded

Opinion delivered and filed March 9, 2005

[CV06]











Â Â Â  1Â Â Â Â Â Â Â Â Â  Landry did not perfect an appeal.





Â Â Â  2Â Â Â  Even
though, as previously stated, we will reverse because of charge error, we must
first address at least one of Builders TransportÂs Âno evidenceÂ issues because
an affirmative finding thereon would afford Builders Transport the greatest
relief.Â  See BradleysÂ Elec., Inc. v.
Cigna Lloyds Ins. Co., 995 S.W.2d 675, 677 (Tex.
1999) (per curiam).





Â Â Â  3Â Â Â  Builders
Transport objected to the submission of the negligence question on the basis
that: (1) it could be found liable only under a theory of gross negligence
because Smith was a trespasser; and (2) Appellees presented no evidence or
factually insufficient evidence to warrant submission of the question. 





Â Â Â  [4] Â Â Â Â Â Â  Section
333 of the Restatement provides:

Â 

Â Â Â Â Â Â Â Â Â Â Â  Except
as stated in Â§Â§ 334-339, a possessor of land is not liable to trespassers for
physical harm caused by his failure to exercise reasonable care

Â 

(a) to put the land in a condition reasonably
safe for their reception, or

Â 

(b) to carry on his activities so as not to
endanger them.

Â 

Restatement (Second) of Torts Â§ 333 (1965).

Â 





Â Â Â  [5]Â Â Â Â Â Â  ÂThe two elements of proximate cause are
cause in fact (or substantial factor) and foreseeability.ÂÂ  IHS
Cedars Treatment Ctr. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004).